UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

HUNTERS RUN PROPERTY OWNERS
ASSOCIATION, INC.,

    Plaintiff,

vs.

CENTERLINE REAL ESTATE, LLC,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Hunters Run Property Owners Association, Inc., by and through its undersigned counsel, hereby sues Defendant, Centerline Real Estate, LLC, and alleges as follows:

*Jurisdiction, Parties, and Venue*

1. This is an action for declaratory judgment and damages in which the amount in controversy exceeds $75,000.

2. Plaintiff, Hunters Run Property Owners Association, Inc. ("Hunters Run" or the "Association"), is a Florida corporation with its principal place of business in Palm Beach County, Florida. Hunters Run is a citizen of the State of Florida.

3. Defendant, Centerline Real Estate, LLC ("Centerline"), is a foreign limited liability company. Upon information and belief, each member of Centerline is a citizen of the State of Texas. Accordingly, Centerline is a citizen of the State of Texas.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the jurisdictional limits of this Court.

5. Venue is appropriate in the Southern District of Florida as the District in which the causes of action alleged herein arose and in which the property at issue is located.

*** Allegations Common to All Counts ***

6. Hunters Run operates a homeowners' association located in Palm Beach County, Florida, pursuant to Chapters 617 and 720 of the Florida Statutes, as well as its governing documents, which include, but are not limited to, the Hunters Run Declaration of Covenants, Restrictions and Easements, as recorded at Book 3195, Page 1107 of the Official Records of Palm Beach County, Florida, and as amended and subsequently restated via the Certificate of Restatement of the Hunters Run Declaration of Covenants, Restrictions and Easements, as recorded at Book 15531, Page 1883 of the Official Records of Palm Beach County, Florida (collectively, the "Declaration"). A true and correct copy of the Certificate of Restatement of the Hunters Run Declaration of Covenants, Restrictions and Easements is attached as **Exhibit A**.

7. On or about February 20, 2017, the Association adopted bylaws, which remained in effect during all times relevant to this action (the "Bylaws") (the Declaration and the Bylaws may be referred to herein collectively as the "Governing Documents"). A true and correct copy of the Bylaws and the Rules and Regulations that were in effect on April 24, 2018 are attached as **Composite Exhibit B**.

8. This matter involves two parcels of property (collectively, the "Subject Properties") that are located at: (1) 18 Stratford Drive, Unit F, Boynton Beach, FL 33436 ("Unit 18F"), which is more particularly described as:

> Unit No. 18F-II, of Stratford at Hunters Run, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 3377, Page 1375, and all exhibits and amendments thereof, Public Records of Palm Beach County, Florida;

and (2) 48 Stratford Lane, Unit C, Boynton Beach, FL 33436 ("Unit 48C"), which is more particularly described as follows:

> Unit No. 48c-II in STRATFORD AT HUNTERS RUN, a Condominium, according to The Declaration of Condominium thereof, recorded in Official Records Book 3377, Page 1735, as amended, of the Public Records of Palm Beach County, Florida, together with an undivided share in the common elements appurtenant to such unit and all other appurtenances to such unit as set forth in the Declaration of Condominium.

9. The Subject Properties are located within a sub-association in the Hunters Run common-interest housing development.

### *Unit 18F*

10. On or about April 24, 2018, as a result of a foreclosure sale, the Palm Beach County Clerk of Court issued a Certificate of Title to Centerline for Unit 18F. A copy of the foregoing Certificate of Title is attached as **Exhibit C**.

11. Unit 18F is located within the community governed by the Association and is an Assessment Unit subject to the covenants and restrictions of the Declaration.

12. As a result of the issuance of the Certificate of Title identified above, Centerline became the record title owner of Unit 18F.

13. As of the date of the filing of this Complaint, Centerline is the record title owner of Unit 18F.

14. As the record title owner of Unit 18F, Centerline is an Assessment Unit Owner, pursuant to the Declaration.

15. As the record title owner of Unit 18F, Centerline is a Living Unit Owner, pursuant to the Declaration.

16. As an Assessment Unit Owner of Unit 18F, Centerline is a Class A Member, pursuant to the Bylaws.

17. As an Assessment Unit Owner of Unit 18F, Centerline is required to become a member of the County Club and is further required to maintain said membership in good standing at all times during the period of such ownership.

18. As a Living Unit Owner of Unit 18F, Centerline is a Class E Member, pursuant to the Bylaws.

19. As a Living Unit Owner of Unit 18F and a Class E Member, Centerline is a member of the Country Club and is required to acquire a club membership and maintain that club membership in good standing.

20. As a member, Centerline is required to submit an information sheet and execute a membership certificate purchase agreement for Unit 18F, copies of which are attached as **Composite Exhibit D**.

21. Centerline is also required to pay to the Association the Club Initial Payment and the Initiation Fee for Unit 18F.

22. Moreover, Centerline is required to pay additional fees, dues, and other charges that accrue with respect to Unit 18F, including, without limitation, common area maintenance, pool atrium assessments, capital assessments, project assessments, Food & Beverage Gratuity, and Employee Holiday Fund.

23. Following Centerline's purchase of Unit 18F, the Association sent a membership package to Centerline.

24. The Association has advised Centerline that it is required to pay the Initial Club Payment and the Initiation Fee for Unit 18F, as well as fees, annual dues, and other charges, including common area maintenance, pool atrium assessments, capital assessments, project

assessments, Food & Beverage Gratuity, and Employee Holiday Fund, that have all accrued and continue to accrue.

25. The Association has sent Centerline periodic billing statements reflecting amounts owed by Centerline for Unit 18F, including amounts for unpaid dues, assessments, and fees. True and correct copies of the foregoing billing statements are attached as **Exhibit E**.

26. Centerline has refused to pay the amounts due and owing for Unit 18F and has taken the position that it is not obligated to pay those amounts.

27. Accordingly, Centerline violated and continues to violate Fla. Stat. §720.305 with respect to Unit 18F.

### *Unit 48C*

28. On or about April 24, 2018, as a result of a foreclosure sale, the Palm Beach County Clerk of Court issued a Certificate of Title to Centerline for Unit 48C. A copy of the foregoing Certificate of Title is attached as **Exhibit F**.

29. Unit 48C is located within the community governed by the Association and is an Assessment Unit subject to the covenants and restrictions of the Declaration.

30. As a result of the issuance of the Certificate of Title identified above, Centerline became the record title owner of Unit 48C.

31. As of the date of the filing of this Complaint, Centerline is the record title owner of Unit 48C.

32. As the record title owner of Unit 48C, Centerline is an Assessment Unit Owner, pursuant to the Declaration.

33. As the record title owner of Unit 48C, Centerline is a Living Unit Owner, pursuant to the Declaration.

34. As an Assessment Unit Owner of Unit 48C, Centerline is a Class A Member, pursuant to the Bylaws.

35. As an Assessment Unit Owner of Unit 48C, Centerline is required to become a member of the County Club and is further required to maintain said membership in good standing at all times during the period of such ownership.

36. As a Living Unit Owner of Unit 48C, Centerline is a Class E Member, pursuant to the Bylaws.

37. As a Living Unit Owner of Unit 48C and a Class E Member, Centerline is a member of the Country Club and is required to acquire a club membership and maintain that club membership in good standing.

38. As a member, Centerline is required to submit an information sheet and execute a membership certificate purchase agreement for Unit 48C, copies of which are attached as **Composite Exhibit G**.

39. Centerline is also required to pay to the Association the Club Initial Payment and the Initiation Fee for Unit 48C.

40. Moreover, Centerline is required to pay additional fees, dues, and other charges that accrue with respect to Unit 48C, including, without limitation, common area maintenance, pool atrium assessments, capital assessments, project assessments, Food & Beverage Gratuity, and Employee Holiday Fund.

41. Following Centerline's purchase of Unit 48C, the Association sent a membership package to Centerline.

42. The Association has advised Centerline that it is required to pay the Initial Club Payment and the Initiation Fee for Unit 48C, as well as fees, annual dues, and other charges,

including common area maintenance, pool atrium assessments, capital assessments, project assessments, Food & Beverage Gratuity, and Employee Holiday Fund, that have all accrued and continue to accrue.

43. The Association has sent Centerline periodic billing statements reflecting amounts owed by Centerline for Unit 48C, including amounts for unpaid dues, assessments, and fees. True and correct copies of the foregoing billing statements are attached as **Exhibit H**.

44. Centerline has refused to pay the amounts due and owing for Unit 48C and has taken the position that it is not obligated to pay those amounts.

45. Accordingly, Centerline violated and continues to violate Fla. Stat. §720.305 with respect to Unit 48C.

46. The Association and Centerline conducted pre-suit mediation with respect to the issues identified in this action.

47. The Association has retained the undersigned counsel to represent it in this action and is obligated to pay a reasonable fee for its services herein.

48. All conditions precedent to this action have occurred, been satisfied, or been waived.

## COUNT I – DECLARATORY JUDGMENT

49. The Association realleges paragraphs 1 through 48 of the Complaint above as if more fully set forth herein.

50. This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, and Rule 57, Fed. R. Civ. P.

51. In the lawsuit styled: *Hunters Run Property Owners Association, Inc. v. Centerline Real Estate, LLC*, U.S.D.C. S.D. Fla. Case No. 18-80407-CIV-Reinhart (the "2018 Lawsuit"), this Court entered the following Orders:

   a. Order on Cross-Motion for Summary Judgment dated August 22, 2019 [D.E. 132];

   b. Order containing Findings of Fact and Conclusions of Law after bench trial dated March 23, 2020 [D.E. 181]; and

   c. Final Judgment dated April 13, 2020 [D.E. 183].

52. The Association and Centerline were parties to the 2018 Lawsuit.

53. The 2018 Lawsuit related to certain other units located within the community governed by the Association that were owned by Centerline.

54. Pursuant to the above-referenced Orders entered in the 2018 Lawsuit, this Court determined, among other things, that, with respect to the units that were at issue in the 2018 Lawsuit, Centerline was a member of the Country Club and, as such was required to: (1) acquire a club membership; (2) maintain that club membership in good standing; and (3) pay to the Association the Club Initial Payment.

55. In spite of the above-referenced Orders entered in the 2018 Lawsuit, Centerline still disputes that it is a member of the Country Club and that, for Unit 18F and Unit 48C, it must pay fees and charges to the Association, including the Club Initial Payment, the Initiation Fee, common area maintenance, pool atrium assessments, capital assessments, project assessments, Food & Beverage Gratuity, and Employee Holiday Fund.

56. There is a substantial likelihood that the Association will suffer an injury in the future if the Court does not provide the requested declaratory relief.

57. An actual justiciable controversy exists between the Association and Centerline.

58. The controversy between the Association and Centerline is substantial and continuing.

59. The controversy between the Association and Centerline is real and immediate and creates a definite, rather than speculative, threat of future injury.

60. The controversy between the Association and Centerline is not conjectural, hypothetical, or contingent.

61. The Association requires a declaration from this Court clarifying its ongoing relationship with Centerline, including, without limitation, the following:

 a. The Declaration is enforceable against Centerline with respect to Unit 18F and Unit 48C;

 b. The Bylaws are enforceable against Centerline with respect to Unit 18F and Unit 48C;

 c. Centerline is a Class E Member of the Association and a member of the County Club with respect to Unit 18F and Unit 48C; and

 d. Centerline is required to submit an information sheet and execute a membership certificate purchase agreement for Unit 18F and Unit 48C.

62. As relief supplemental to the requested declaratory judgment and to remedy past harms, the Association requests that the Court award monetary damages for all amounts owed by Centerline with respect to Unit 18F and Unit 48C, including, without limitation, the Club Initial Payment, the Initiation Fee, common area maintenance, pool atrium assessments, capital assessments, project assessments, Food & Beverage Gratuity, and Employee Holiday Fund.

WHEREFORE, Plaintiff, Hunters Run Property Owners Association, Inc., demands entry of a declaratory judgment against Defendant, Centerline Real Estate, LLC, as set forth herein, as well as an award of monetary damages, with interest, an award of costs and attorneys' fees, and such other relief as is just and proper.

DATED this 26th day of May, 2020.

                                            FOX ROTHSCHILD LLP
                                          777 S. Flagler Drive
                                          Suite 1700 – West Tower
                                          West Palm Beach, FL 33401
                                          Tel: (561) 804-4441
                                          Fax: (561) 835-9602

                                          By: *s/David A. Greene*
                                                David A. Greene
                                                Florida Bar No. 87629
                                                dgreene@foxrothschild.com
                                                wpbeservice@foxrothschild.com

                                          *Attorneys for Plaintiff, Hunters Run*
                                          *Property Owners Association, Inc.*