UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-80842-RAR

**HUNTERS RUN PROPERTY
OWNERS ASSOCIATION, INC.**,

    Plaintiff,

v.

**CENTERLINE REAL ESTATE**, LLC,

    Defendant.
_____/

### ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff's Corrected Motion for Default Final Judgment Against Defendant Centerline Real Estate, LLC filed on August 7, 2023, [ECF No. 41]. The Court, having reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 41], is **GRANTED**.

### BACKGROUND

On May 30, 2023, this Court entered an Order Granting Motion to Withdraw as Counsel ("New Counsel Order"), [ECF No. 34], requiring Centerline to retain new counsel on or before June 29, 2023. Centerline's prior counsel sent a copy of the New Counsel Order to Centerline by email and certified mail. *See* [ECF No. 35]. Centerline failed to comply with the New Counsel Order, and as a result, this Court issued an Order to Show Cause ("Show Cause Order"), [ECF No. 37], requiring Centerline to comply with the New Counsel Order by July 21, 2023. In the Show Cause Order, this Court cautioned Centerline that failure to do so "may result in the entry of sanctions, including default, without further notice." Show Cause Order at 1.

Centerline subsequently failed to comply with the Show Cause Order, and on July 26, 2023, this Court entered an Order Directing Clerk to Enter Default ("Default Order"), [ECF No. 38]. In

its Default Order, this Court noted that Centerline "has willfully chosen to no longer appear in this action" and determined that default was thus appropriate. Default Order at 1. Pursuant to the Default Order, the Clerk entered a Default against Centerline that same day. *See* [ECF No. 39].

The Default Order also ordered Plaintiff to file a Motion for Default Judgment and warned Defendant that if it "fails to move to set aside the Clerk's Default or respond to the *Motion* within the time permitted by the Rules, default judgment may be entered[.]" Default Order ¶ 3. The Association filed its Corrected Motion for Default Final Judgment, [ECF No. 41], on August 7, 2023. To date, Centerline has not responded to the Motion nor moved to set aside the Clerk's Default.

Accordingly, the Court again finds that Centerline has willfully chosen to no longer appear in this action. The Court further finds that 1) it has subject matter jurisdiction over this matter; 2) it has personal jurisdiction over the parties; 3) Defendant is deemed to have admitted all of the well-pleaded allegations in the Association's Complaint; 4) Plaintiff has established a right to the relief requested; and 5) there exists a sufficient basis to enter a default final judgment in the Association's favor.

## **LEGAL STANDARD**

A party may apply to the court for a default judgment when the defendant fails to timely respond to a pleading. FED. R. CIV. P. 55(b)(2). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotation marks omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, conclusions of law are to be determined by the court. *See Mierzwicki v. CAB Asset Mgmt., LLC*, No. 14-61998,

2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014). Therefore, a court may enter a default judgment only if there is a "sufficient basis to state a claim." *Id.*

## ANALYSIS

### I. Jurisdiction

As a preliminary matter, when a judgment is sought against a party who has failed to plead or otherwise defend, the Court must ensure it has jurisdiction over both the subject matter and the parties. *Cobbler Nevada, LLC v. Jokic*, No. 8:15-cv-2653-T-27TBM, 2016 WL 3511765, *2 at n.3 (M.D. Fla. Jun. 1, 2016), *report and recommendation adopted*, 2016 WL 3538375 (M.D. Fla. Jun. 22, 2016). The well-pleaded allegations in the Association's Complaint demonstrate that this Court has both the requisite subject matter and personal jurisdiction to enter a Default Judgment against Centerline. Moreover, by defaulting, Centerline has admitted the Complaint's well-pleaded allegations. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307; *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1294 (S.D. Fla. 2016).

#### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this dispute. As alleged in the Complaint, [ECF No. 1], pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this declaratory judgment action because a) the Association is a citizen of the State of Florida; b) Centerline is a limited liability company, each member of which is a citizen of the State of Texas; and c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Compl. ¶¶ 1–3.

#### B. Personal Jurisdiction

This Court also has personal jurisdiction over Centerline. District courts have personal jurisdiction over a defendant served with a summons if the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. FED. R. CIV. P.

4(k)(1).  Centerline was served with a summons and the Complaint. [ECF No. 4].  Moreover, Centerline is subject to the jurisdiction of Florida courts pursuant to section 48.193 of the Florida Statutes because it operated, conducted, engaged in, or carried on a business in Florida by purchasing and owning condominium units in Florida, and it is engaged in substantial and not isolated activity within Florida.  *See* FLA. STAT. § 48.193(1)(a)(1), (2); Compl. ¶¶ 10, 12, 28, 30, 53.  Moreover, Centerline previously filed an Answer and Affirmative Defenses in this action, [ECF No. 16], and did not raise an objection to personal jurisdiction at that time.  As such, Centerline has waived any objection to personal jurisdiction that it may have otherwise had.  FED. R. CIV. P. 12(h); *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990).

## II. **Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining default judgment."  *Federated Life Ins. Co. v. Fifth Third Bank*, No. 2:14-cv-568-FtM-38CM, 2015 WL 859393, at *1 (M.D. Fla. Feb. 27, 2015).   First, the clerk of the court must enter a clerk's default against a defendant that fails to plead or otherwise defend a lawsuit.  *Id.*; *see* FED. R. CIV. P. 55(a).  Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent.  *Id.*; FED. R. CIV. P. 55(b)(2); *see also Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue").  But "[a]n entry of a clerk's default does not per se warrant an entry of default judgment.  Rather, a court may enter a default judgment only if 'the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.'" *Federated Life*, 2015 WL 859393, at *2 (quoting *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)).

### A. The Clerk's Entry of Default

Both requirements of the two-step procedure explained above are clearly met here. First, in its July 25, 2023 Order, this Court concluded that Centerline "has willfully chosen to no longer participate in this action" and directed the Clerk to enter a Default. [ECF No. 38] at 2. Second, Centerline is not a minor or incompetent; thus, the restrictions set forth in Rule 55(b)(2) do not apply. Second, because Centerline is a limited liability company and not an individual, it cannot be in the military service of the United States or any of its allies; thus, the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. § 521(b), are similarly inapplicable. Accordingly, the Clerk properly entered a Default against Centerline on July 26, 2023. *See* [ECF No. 39].

### B. The Complaint's Factual Allegations and Requested Relief

But that is not the last step on the circuitous path to final default judgment. As mentioned above, "a court may enter a default judgment only if 'the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.'" *Federated Life*, 2015 WL 859393, at *2; *see* FED. R. CIV. P. 55(b)(2). Moreover, a court may determine damages without holding a hearing "where all essential evidence is already of record." *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). In its Complaint, the Association adequately states a cause of action for declaratory judgment and supplemental relief against Centerline and alleges a sufficient basis to award Plaintiff costs and fees without the need for an evidentiary hearing.

#### 1. Entitlement to Declaratory Judgment and Supplemental Relief

A claim for declaratory judgment requires the following elements: "(1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff

is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration." *Nielson Golden Crab Fishery v. Butterworth*, No. 10-61091, 2011 WL 3293357, at *2 (S.D. Fla. Aug. 1, 2011).

Here, the allegations in the Complaint establish that the Association has met each of the requirements for a declaratory judgment. The Association alleged—and Centerline has admitted by way of its default—that: (1) there is a bona fide dispute between them; (2) the Association has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege; (3) the Association is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the requested declaration. Compl., [ECF No. 1], ¶¶ 55–60. Moreover, by way of its default, Centerline is also deemed to have admitted that: (1) Centerline is the owner of 18 Stratford Drive, Unit F, Boynton Beach, FL 33436 ("Unit 18F") and 48 Stratford Drive, Unit C, Boynton Beach, FL 33436 ("Unit 48C"); (2) Unit 18F and Unit 48C are both located within the community governed by the Association and are subject to the Declaration of Covenants, Restrictions, and Easements, as amended, and the Bylaws (collectively as the "Governing Documents"); (3) the Association is entitled to a declaration that: (a) the Governing Documents are enforceable against Centerline; (b) Centerline is a member of the Association and the Country Club; (c) Centerline is required to submit an information sheet and execute a membership certificate purchase agreement; and (4) the Association is entitled to supplemental relief, including monetary damages for all amounts due and owing with respect to Unit 18F and Unit 48C, with interest. *See* Compl. ¶¶ 10–22, 28–40, 61–62.

Specifically, the Declaration of Jeffrey Schroeder ("Schroeder Declaration"), [ECF No. 41-1], filed in support of Plaintiff's Motion for Default Final Judgment, establishes that Centerline owes the Association $443,378.02 through June 30, 2023 with respect to Unit 18F and Unit 48C. *See generally* Schroeder Dec. This Court has identified no errors or inconsistencies in the

Plaintiff's calculations.  Moreover, due to Defendant's apparent abandonment of this lawsuit and the Clerk's subsequent entry of default, the Court finds that Centerline owes the Association $443,378.02 through June 30, 2023.

### 2. Entitlement to Attorneys' Fees and Taxable Costs

#### a. Attorneys' Fees

"[A] statute allowing for the recovery of attorney's fees . . . generally applies in federal court so long as it does not conflict with a valid federal statute or rule." *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1259 (11th Cir. 2011).  Generally, "only one party is entitled to attorneys' fees pursuant to a prevailing party fee provision when litigation involves alternative theories of liability for the same wrong." *Davis v. Nat'l Medical Enterprises, Inc.*, 253 F.3d 1314, 1320 (11th Cir. 2001).

Section 720.305 of the Florida Statutes provides for an award of attorneys' fees and costs to the prevailing party in an action between a homeowners' association and a member of the association to redress an alleged failure or refusal to comply with a provision of Chapter 720 of the Florida Statutes, or the association's governing documents or rules. Specifically, section 720.305(1) states: "The prevailing party in any such litigation **is entitled to recover** reasonable attorney fees and costs." *MacKenzie v. Centex Homes by Centex Real Estate Corp.*, 281 So. 3d 621, 624–25 (Fla. 5th DCA 2019) (emphasis added); *see also Holiday Isle Improvement Association, Inc. v. Destin Parcel 160, LLC*, 257 So. 3d 582, 583 (Fla. 1st DCA 2018).

The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of*

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  To determine the prevailing market rate, courts often consider "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).  The party seeking an award of fees bears the burden of documenting and substantiating the number of hours and hourly rate.  *See Hensley*, 461 U.S. at 433.  Finally, attorneys' fees may also be awarded when an attorney and client enter into flat fee arrangements.  *See*, *e.g.*, *Bank of America, N.A. v. House of Dentistry, P.A.*, No. 19-63117, 2021 WL 468990, at *6 (S.D. Fla. Jan. 20, 2021) (fixed fee awarded, even though contemporaneous billing records were not maintained); *TEC Serv, LLC v. Toscano*, No. 11-62040, 2016 WL 3189881, at *2 (S.D. Fla. Mar. 11, 2016) (same).

Hunters Run, as the prevailing party pursuant to section 720.305(1), is entitled to an award of its reasonable attorneys' fees incurred in connection with this action.  Moreover, this Court finds that Hunters Run has satisfied its burden of documenting and substantiating a reasonable amount for the attorneys' fees owed.  In particular, the Declaration of David Greene ("Greene Declaration"), [ECF No. 41-2], filed in support of Plaintiff's Motion for Default Final Judgment, establishes the Association has paid a flat fee in the amount of $35,000.00 for legal services.  Mr. Greene dedicated approximately 54.7 hours to the conduct of this action; and his hourly rate is $710.  *See* Greene Decl.  Multiplying the approximate number of hours that Mr. Greene reasonably worked (54.7) by his usual hourly rate ($710) yields a figure of approximately $38,837.00.  Here, the flat fee that Hunters Run paid and now seeks as an award of attorneys' fees is $35,000.00, a figure significantly less than the $38,837.00 that Mr. Greene would have earned in the absence of a flat fee agreement.  As such, the Court finds that Hunters Run's request for $35,000.00 in attorneys' fees is reasonable and awards this amount to Hunters Run.

### b. Taxable Costs

As noted above, section 720.305(1) provides for an award of costs to the prevailing party in actions of this nature. The Court may, *inter alia*, tax as costs any filing fees paid to the Clerk, along with costs incurred for service of process. FED. R. CIV. P. 54; 28 U.S.C. §§ 1920, 1921; *U.S. Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). When a private process server is utilized, costs may be taxed up to the amount that may be charged for service by the U.S. Marshal. *W&O*, 213 F.3d, at 624. The U.S. Marshal is authorized to charge $65.00 per hour or any part thereof to serve process. 28 C.F.R. § 0.114(a). Here, Hunters Run paid a filing fee to the Clerk in the amount of $400.00 and paid $75.00 to a private process server for service of process. Accordingly, applying the limitation on service of process charges, the Court finds that $465.00 is the proper and reasonable amount to be taxed as costs.

### C. Evidentiary Hearing

The Court is not required to conduct an evidentiary hearing before entering a final default judgment against Centerline. When essential evidence is entered into the record, an evidentiary hearing to determine damages is not required before entering a default judgment. *See Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). The Court may rely on documentation, affidavits, and other evidentiary materials sufficient to support a claim for damages. *Id.* Further, pursuant to S.D. Fla. L.R. 7.1(c), and the Court's July 26, 2023 Order Directing Clerk to Enter Default, [ECF No. 38], the Court may grant this Motion by default as Centerline did not timely respond.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to an entry of default final judgment. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment, [ECF No. 41], is **GRANTED**. Default final judgment shall be entered by separate order.

2. The Court hereby declares that: (a) the Association's governing documents, including the Declaration of Covenants, Restrictions, and Easements, as amended, and the Bylaws, are enforceable against Centerline with respect to 18 Stratford Drive, Unit F, Boynton Beach, FL 33436 ("Unit 18F") and 48 Stratford Drive, Unit C, Boynton Beach, FL 33436 ("Unit 48C"); (b) Centerline is a Class E Member of the Association and a member of the Country Club with respect to Unit 18F and Unit 48C; and (c) Centerline is required to submit an information sheet and execute a membership certificate purchase agreement to the Association for Unit 18F and Unit 48C.

3. The Association is entitled to supplemental relief, including an award of damages for all amounts owed by Centerline with respect to Unit 18F and Unit 48C through June 30, 2023 in the total amount of $443,378.02, which represents $221,656.54 owed with respect to Unit 18F and $221,721.48 owed with respect to Unit 48C.

4. The Association is entitled to an award of costs incurred in this action in the amount of $465.00.

5. The Association is entitled to an award of attorney's fees incurred in this action in the amount of $35,000.00, which amount represents a reasonable fee, based upon reasonable hourly rates and a reasonable number of hours.

**DONE AND ORDERED** in Miami, Florida this 15th day of September, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**